The opinion of the Court was delivered by
O’Neall, C. J.
Beyond all doubt, the Court, in this case, under the name of Fuller et al. vs. Eddings et al., 11 Rich. 239, very properly held that Mr. Eddings could not have mere speculative damages assessed, as part of his compensation for his land taken for the public improvement authorized by the Act of December, 1856. I concur, fully, in the ruling by my brother Withers in this case, when presented below.
The finding of “ three thousand dollars for the one acre at the landing,” is without the warrant of law. The Court of Appeals, on the former occasion, decided fully, that the injury supposed to be done to Mr. Eddings, by the establishment of the public landing, was not to be estimated by the consequence, that his private landing would lose custom and tolls; and yet the jury allow the sum of three thousand dollars for the acre at the landing, for no other reason than-this very supposed loss of custom and tolls. For, turn the matter in every conceivable way, and it must so result. The questions propounded and over ruled are all addressed to the *510 same end. Take, for example, that which would, seem on its face to be least objectionable. “ 5th. What is the value of the right of landing- and wharf site acquired by the public from Mr. Eddings ?” and when its object is seen, no one can believe it ought to be answered. For the Legislature have directed that the value of the premises taken for public use, and damages generally should be estimated. What are the premises taken? Unquestionably the land taken for the road and landing. The right of landing follows the acquisition of the premises, as they are susceptible of that improvement. There was no landing there before the land was acquired: it was only a spot of ground capable of being so improved. So it may be remarked of the wharf site. There was no wharf in existence, and it is as absurd to talk about so estimating it, as it would be to value a piece of land upon which no house existed upon the same foot, as it might be, after a fine residence had been erected. What other damages beyond the value of the premises taken ought to be allowed ? Such as are the necessary and immediate consequences of such an improvement. The fencing necessary to be kept up, in consequence of the road-way through the plaintiff’s plantation, may be damages properly allowable. So, too, it may be that a reasonable sum may be allowed for the inconvenience of carting the marsh mud across the road. For it separates Mr. Edding’s field from this necessary supply of manure. But beyond these I do not perceive any other items which ought to be allowed, and when the case is thus understood, there can be little difficulty in fixing the damages. The allowance of five hundred dollars for carting the marsh mud, seems to us to be entirely too much, and to be unsupported by evidence. The witnesses merely spoke of it as an inconvenience. They fixed no money value. As the case has to go back to reassess the damages of Mr. Eddings, this matter must again be considered by the jury. Some *511 reasonable allowance for such an inconvenience may be allowed.
The case must go down, with instructions to the jury to, find the value of the land taken for the improvement, and damages for fencing, and for carting the marsh manure across the road. When these matters are fixed by a reasonable and not a capricious assessment, neither Mr. Eddings nor the defendants will have cause to complain.
The motion for a new trial is granted.
Wardlaw, J., concurred.

Motion granted.